U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
APR 2 5 2008
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| SAMUEL JOHN MAJOR DAVIS,<br>    Petitioner,<br><br>v.<br><br>NATHANIEL QUARTERMAN, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br>    Respondent. | §<br>§<br>§<br>§<br>§   Civil Action No. 4:07-CV-203-A<br>§<br>§<br>§<br>§ |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Samuel John Major Davis, TDCJ-ID #01221760, is in custody of the Texas Department of Criminal Justice, Institutional Division, in Abileen, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

#### C. FACTUAL AND PROCEDURAL HISTORY

Davis is currently serving a 30-year sentence for his 2004 state court conviction for sexual

performance of a child in Case No. 0910132R in the 372nd District Court of Tarrant County, Texas. (Clerk's R. at 132) The Second District Court of Appeals of Texas affirmed his conviction, and the Texas Court of Criminal Appeals refused Davis's petition for discretionary review on July 27, 2005. *Davis v. Texas*, No. 2-04-138-CR (Tex. App.–Fort Worth Mar. 3, 2005); *Davis v. Texas*, PDR No. 625-05. Davis did not seek writ of certiorari. (Petition at 2)

On January 23, 2006, Davis filed an application for habeas relief in state court challenging his conviction, which was dismissed and returned on December 5, 2007, by the Texas Court of Criminal Appeals for noncompliance with Rule 73.1 of the Texas Rules of Appellate Procedure. *Ex parte Davis*, Nos. WR-54,888-02, at cover.[1] *See* http://www.cca.courts.state.tx. Betty Davis, Davis's wife, personally filed his original federal petition in this action on March 27, 2007, which was subsequently amended twice.

### D. STATUTE OF LIMITATIONS

Quarterman argues that Davis's federal petition for writ of habeas corpus is barred by the one-year statute of limitations.[2,3] (Resp't Supp. Answer at 7-12) 28 U.S.C. § 2244(d) imposes a one-

---

[1] Davis filed a prior, pretrial state habeas application relevant to another criminal case, which was also dismissed for nonconformity with the appellate rules. *Ex parte Davis*, Application No. 54,888-01, at cover.

[2] Davis asserts Quarterman is barred from raising, and the Court is barred from revisiting, the defense of a time bar under the doctrine of *res judicata*. (Pet'r Reply to Resp't Supp. Answer at 1-2, 5-6) This argument is frivolous. At the time the undersigned obtained knowledge that Davis did, in fact, have a pending state habeas application and issued a supplemental show cause order, it was noted in the order that Davis's federal petition appeared to be timely filed, given the state application was filed on January 23, 2006, and remained pending. That preliminary determination presupposed Davis's state application was properly filed and was not a final determination of the timeliness issue.

[3] Quarterman also asserts Davis's claims are unexhausted as required by § 2254(b)(1). (Resp't Supp. Answer at 5-7) Because of the undersigned's recommendation, *infra*, it is not necessary to address this issue in these findings.

year statute of limitations for filing a petition for federal habeas corpus relief under § 2254. 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

The statutory provision set forth in subsection (A) governs when the limitations period in this case began to run, *viz.*, the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. *See id.* § 2244(d)(1)(A). Davis's conviction became final and the one-year limitations period began to run upon expiration of the time that Davis had for seeking certiorari in the United States Supreme Court on October 25, 2005, and expired one year later on October 25, 2006, absent any applicable tolling. *See Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.

3

1998).

Davis's state postconviction habeas application, dismissed and returned for noncompliance with the form requirements under the Texas Rules of Appellate Procedure, did not operate to toll the limitations period because it was not properly filed for purposes of § 2244(d)(2). *See Artuz v. Bennett*, 531 U.S. 4, 8-9 (2000) (holding application is "properly filed" when its delivery and acceptance are in compliance with applicable laws and rules governing filings, including rules of form); *Villegas v. Johnson*, 184 F.3d 467, 470 (5th Cir. 1999).

Nor has Davis demonstrated exceptional circumstances warranting tolling as a matter of equity.[4] Equitable tolling of the statute of limitations is permitted only if rare and exceptional circumstances beyond a prisoner's control make it impossible to file a petition on time. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). The doctrine applies principally when a petitioner is actively misled by a party about the cause of action or is prevented in some extraordinary way from asserting his rights. *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). Davis urges that equitable tolling is appropriate because the state trial court refused to act on his habeas application, because his nonconforming habeas application sat dormant in the state trial court for over fourteen months, and because the state trial court ultimately ruled on the merits of his claims. (Pet'r Reply to Resp't Supp. Answer at 6-7) Davis has not demonstrated that he was prevented from filing his federal petition within the one-year period, and, thus, he is not entitled to equitable tolling of the limitations period. *See Blacklock v. Hamilton*, 129 F.3d 611, 1997 WL 681204, at *1 (5th Cir. Oct. 21, 1997) (not designated for publication in the Federal Reporter).

---

[4]Quarterman asserts that § 2254(d)(2), as a statutory time limit, is not subject to equitable exceptions, however, this Court is bound by Fifth Circuit law, as it presently stands, on the issue.

Davis's petition was due on or before October 25, 2006; thus, his petition, filed on March 26, 2007, is untimely.

## II. RECOMMENDATION

Davis's petition for writ of habeas corpus should be dismissed with prejudice as time barred.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until May 16, 2008. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until May 16, 2008, to serve and file written objections to the United States Magistrate Judge's proposed findings,

conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED April 25, 2008.

CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE